# Jackson *against* Knight.

The lien of a judgment is not discharged by the plaintiff's agreement in writing to release the defendant from imprisonment on a *capias ad satisfaciendum* issued on the judgment, on his paying the costs and jail fees, without prejudice to the future liability from the debt and interest of the judgment, which is to remain in full force and unimpaired.

When the plaintiff sues on notes given by the defendant for the purchase of land, which becomes encumbered by a judgment against the plaintiff before the title is made, the proper mode is to take a conditional verdict for the whole amount due on the notes, with stay of execution for a part of the amount sufficient for the encumbrance, till the title be cleared.

ERROR to the Common Pleas of *Bucks* county.

This was an action brought by Thomas H. Jackson against Giles Knight on two promissory notes, dated 4th of July 1839, each for $1000, payable at 6 and 9 months after date, drawn by the defendant to the order of the plaintiff. The defendant pleaded payment with leave, &c.

The defendant gave in evidence an agreement, dated 26th of October 1839, by which the plaintiff agreed to convey to him a lot of ground in Beaver county, for the consideration, among others, of $3000, to be paid in notes of $1000 each, payable respectively at 3, 6 and 9 months from 4th of July 1839; in consideration of which sums, when all should have been paid to the plaintiff, he was to execute a deed with covenants of general warranty of the property in the names of both as joint owners.

The defendant gave in evidence the record of a judgment for $1860, obtained in the Common Pleas of Beaver county, on the 8th of August 1840, against Jackson by Stephen Paschall, on which a *ca. sa.* issued, and Jackson was committed to prison; and the following agreement of 10th of October 1840, on which he was discharged:

" I agree to the discharge of the defendant from imprisonment upon this writ, upon the payment of the costs and jail fees, without prejudice to the future liability from the debt and interest of the judgment, which is to remain in full force and unimpaired." This agreement was signed by the attorney of Paschall and by Jackson.

The defendant alleged that this judgment remaining due and unsatisfied was a lien on his property which Jackson agreed to convey to him; that no conveyance of the property had been made to him by Jackson, and that the encumbrances on it prevented him from making a good title.

[Jackson v. Knight.]

The judge charged the jury:

" The first question is, was the plaintiff bound to tender a deed before he brought this suit? Here notes were given, and the money was to be all paid before the deed was to be made. After the payment of the notes, the defendant will be entitled to his deed. We instruct you that the legal construction of the agreement of the parties given in evidence, does not require a tender of a deed before the bringing of this action on the notes. The omission to tender a deed does not bar the plaintiff's right to recover.

The plaintiff asks us to instruct you that the arrest of the plaintiff by virtue of the *ca. sa.* issued in the case of *Paschall* v. *Jackson,* was a discharge of the lien of the judgment, and that the discharge of Jackson by the attorney of the plaintiff, was a discharge of the debt. The arrest on a *capias ad satisfaciendum* is itself not a satisfaction of the debt. The general principle is that where a defendant is in execution on a *ca. sa.,* and plaintiff consents to his discharge, the debt is gone. This principle has been carried to an unreasonable and oppressive length, and often to the great injury of unfortunate debtors. The general law will be found in *Sharpe* v. *Speckenagle,* (3 *Serg. & Rawle* 464). No case precisely like the present has been shown. Here, by agreement in writing with the defendant, endorsed on the writ and signed by the counsel and the defendant, his body was to be released without prejudice to the future liability for the debt and interest of the judgment, which is to remain in full force and unimpaired. Such a discharge is for the benefit of the defendant; it comports with humanity, justice and common sense. Besides, we do not think the defendant should be bound to take the title with this encumbrance hanging over it. We instruct the jury to deduct the amount of the judgment from the plaintiff's demand."

Both parties excepted to this opinion. The jury rendered a verdict for $286 for the plaintiff, who took out this writ of error, and assigned for error:

1. The court erred in charging the jury that the release of Jackson from imprisonment by the attorney for Paschall, was not a discharge of the lien of the judgment obtained in that case, and was not a satisfaction of the debt.

2. In directing the jury to deduct the amount of the judgment obtained by Paschall against Jackson from the plaintiff's demand.

3. In charging the jury that the defendant was not bound to take the title with the above-mentioned encumbrance hanging over it.

*Dubois* and *Chapman,* for plaintiff in error, cited *Act of 16th June* 1836, *sec.* 31, *Purd.* 415, *tit.* " *Execution;*" 1 *Watts & Serg.* 420; 5 *Whart.* 509, 223; 3 *Watts & Serg.* 390.

*Ross* and *J. Fox, contra.*

[Jackson v. Knight.]

Per Curiam.—The judge accurately charged that the agreement prevented the release of the plaintiff from imprisonment on the *capias ad satisfaciendum*, from discharging the lien of the judgment against him; and that the defendant was not bound to take an encumbered title. But his plan to obviate the difficulty by deducting the encumbrance from the purchase money, was defective, inasmuch as it would expose the plaintiff to the hazard of being compelled to pay it out of his own pocket after having left a sum equal to the purpose in the land. The way to do so was to direct a conditional verdict for the whole purchase money with stay of execution for a part sufficient for the exigence till the title should be cleared; which would have left either party the option to pay. If the plaintiff paid, he would be at liberty to proceed by execution for the residue of his judgment; if the defendant paid, the judgment would be discharged.

Judgment reversed, and a *venire de novo* awarded.